IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CARPENTERS TRUST FUNDS, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> NORPAC WALLS & CEILINGS, LLC <br><br> Defendant. | CIVIL NO. 24-00379 SASP-WRP <br><br> FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT |

FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT

Before the Court is Plaintiffs' Motion for Entry of Default Judgment against Defendant NORPAC Walls & Ceilings, LLC, filed on October 28, 2024 (Motion), ECF No. 14. The Court finds the Motion suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii. Based on the record in this action and the relevant legal authority, the Court FINDS AND RECOMMENDS that Plaintiffs' Motion be GRANTED.[1]

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections

BACKGROUND

According to the Complaint, Defendant agreed to comply with the terms of the collective bargaining agreement (Agreement), which required Defendant to pay to Plaintiffs certain amounts for employee benefits for work performed by Defendant's covered employees. See Compl., ECF No. 1, ¶ 6. Under the Agreement, Defendant also agreed to submit timely reports to Plaintiffs, to permit audits, and to allow inspection of its payroll records. See id. ¶¶ 8-9.

Plaintiffs claim that Defendant failed to permit audits and allow inspection of its payroll and other records. See id. ¶ 9. Plaintiffs also allege they were due from Defendant contributions, interest, lost earnings, and liquidated damages in the amount of $128,212.35 as of the time the Complaint was filed. See id. ¶ 15.

On September 3, 2024, Plaintiffs filed the instant Complaint, which seeks, among other things, recovery from Defendants of 'the principal sum of $ in contributions, $ in liquidated damages, 12% interest in the amount of $, and 401(k) and Lost Earnings Interest" as well as Plaintiffs' "costs of court, disbursements and reasonable attorneys' fees due per the collective bargaining agreement and 29 U.S.C. § 1132(g)(2)." See id. at 10-11. The Clerk entered default against

---

within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

2

Defendant pursuant to Federal Rule of Civil Procedure 55(a) on October 24, 2024. See Entry of Default, ECF No. 13.  This Motion followed.

## DISCUSSION

Default judgment may be entered if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]"  Fed. R. Civ. P. 55(b)(1), (2).  The granting or denial of a motion for default judgment is within the discretion of the court.  See Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986).  Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible.  See Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).

### A.     Jurisdiction

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether it has subject matter jurisdiction over this action and personal jurisdiction over Defendant.  See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").  Here, the Court has subject matter jurisdiction over Plaintiffs' federal claims.  See 29 U.S.C. §§ 185(a), 1132, 1145.  The Court has personal jurisdiction over Defendant because Plaintiffs

3

allege that Defendant is a domestic limited liability company registered and doing business in Hawaii, see Compl., ECF No. 1, ¶ 4, and indicate that Defendant was served through its registered agent on September 28, 2024, see Proof of Service, ECF No. 8, at 3.

### B.   Default Judgment Factors

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate.  The court should consider the following factors in deciding whether to grant a motion for default judgment:

(1)   the possibility of prejudice to the plaintiff;
(2)   the merits of plaintiff's substantive claim;
(3)   the sufficiency of the complaint;
(4)   the sum of money at stake in the action;
(5)   the possibility of a dispute concerning material facts;
(6)   whether the default was due to excusable neglect; and
(7)   the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

See Eitel, 782 F.2d at 1471-72 (the Eitel factors).

On default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977)).  The allegations as to liability are deemed true, but the plaintiff must establish the relief to which it is entitled.  See Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Also, "necessary facts not

4

contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

### 1. The Possibility of Prejudice to Plaintiffs

The first factor considers whether Plaintiffs would suffer prejudice if default judgment is not entered. See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, absent entry of default judgment, Plaintiffs would be without any other recourse for recovery. Accordingly, the first Eitel factor favors default judgment.

### 2. Merits of Plaintiffs' Substantive Claims

For purposes of liability, the factual allegations in the Complaint are taken as true on default. See TeleVideo Sys., Inc., 826 F.2d at 917-18; Fair Hous. of Marin, 285 F.3d at 906. Here, the allegations in Plaintiffs' Complaint, taken as true, establish that Plaintiffs are entitled to default judgment against Defendant.

In the Complaint, Plaintiffs assert claims against Defendant for unpaid contributions, liquidated damages, interest, and attorneys' fees and costs owed to Plaintiffs under the terms of the Agreement and relevant statutes. See 29 U.S.C. §§ 1132(a), (g), 1145; see also Compl., ECF No. 1, ¶¶ 2, 6-19. Plaintiffs allege that the terms of the Agreement require Defendant to pay Plaintiffs certain contributions based on work performed by Defendant's covered employees. See

Compl., ECF No. 1, ¶¶ 6-15.  Plaintiffs allege that the terms of the Agreement also provide that if Defendant fails to pay the required contributions, Defendant is also required to pay liquidated damages, interest, and attorneys' fees and costs.  See id. ¶¶ 18-19.  Plaintiffs allege that Defendant failed to submit the required reports and failed to pay the required contributions.  See id. ¶¶ 9, 15.

After considering the allegations in the Complaint, this second factor weighs in favor of default judgment because the allegations, taken as true, are sufficient to establish Plaintiffs' claims.

### 3.    Sufficiency of the Complaint

The allegations in the Complaint are sufficiently pled and supported by the documents filed with the Complaint and the Motion.  The Court finds that the sufficiency of the Complaint weighs in favor of default judgment.

### 4.    Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct."  PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472).  In their Complaint, Plaintiffs sought to recover unpaid contributions totaling $128,212.35 with additional interest at a per diem rate of 12% per annum until judgment, and unspecified attorneys' fees and costs.  See Compl., ECF No. 1, ¶¶ 15, 19.  As stated in their Motion, by the time the Motion was filed, the amount of unpaid contributions, liquidated damages, and

interest totaled $131,902.16.  See Motion, ECF No. 14-1, at 6-7; Decl. of Sarah Kobayashi, ECF No. 14-6, at 5 and Exhibit A.  Plaintiffs' Motion also requests $3,023.48 in attorneys' fees and costs.  See Motion, ECF No. 17-1, at 6, 12-13.  Plaintiffs' damages request is tailored to Defendant's specific wrongful conduct in failing to pay the required contributions and produce the required documents.  The Court finds that this factor too weighs in favor of default judgment.

### 5. Possibility of Dispute Concerning Material Facts

The well-pled factual allegations of the Complaint, except those relating to the amount of damages, will be taken as true.  TeleVideo Sys., Inc., 826 F.2d at 917-18.  Defendant has been given a fair opportunity to defend this action and has not done so.  Because no dispute has been raised regarding Plaintiffs' material factual allegations, this factor favors default judgment.

### 6. Whether Default was Due to Excusable Neglect

Plaintiffs served Defendant through its registered agent on September 28, 2024.  See Proof of Service, ECF No. 8.  Defendant did not file a response to Plaintiffs' Complaint.  In addition, Plaintiffs served Defendant with notice of this Motion and the Court's briefing schedule.  See Certs. of Service, ECF Nos. 14-8, 16.  Despite ample notice of this lawsuit and Plaintiffs' intent to seek default judgment, Defendant has not appeared in this matter to date.  The record suggests that Defendant's default was not the result of excusable neglect, but rather due to

its conscious and willful decision not to defend this action. This factor too favors default judgment.

### 7. Policy Favoring Decisions on the Merits

Defendant's default renders a decision on the merits impractical, if not impossible. Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive"). Here, Defendant has failed to defend this action and has consequently rendered adjudication on the merits before this Court impracticable. This factor does not preclude the Court from entering default judgment against Defendant.

### 8. Totality of Eitel Factors

Accordingly, the Court finds that the totality of the Eitel factors weighs in favor of entering default judgment against Defendant.

### C. Remedies

Although Defendant's default establishes liability, it does not establish all relief to which Plaintiffs are entitled. See Fair Hous. of Marin, 285 F.3d at 906. Plaintiffs must provide evidence to support their requested relief and that relief "must not differ in kind from, or exceed in amount, what is demanded in

8

the pleadings." Fed. R. Civ. P. 54(c).

Plaintiffs seek an award for delinquent contributions, liquidated damages, interest, and attorneys' fees and costs.  See Motion, ECF No. 14-1, at 10.  Each category of requested relief is addressed below.

### 1. Delinquent Contributions, Liquidated Damages, and Interest

Plaintiffs contend that Defendant owes delinquent contributions, liquidated damages, and interest in the total amount $131,902.16.  See Motion, ECF No. 14-1, at 7, 10; Decl. of Sarah Kobayashi, ECF No. 14-6, at 5 and Exhibit A.  This amount is itemized in the summary ledger, attached to the declaration of Sarah Kobayashi, the Contribution Accounting Supervisor with Hawaii Benefit Administrators, Inc., which is the third-party benefit administrator for Plaintiffs.  See Decl. of Sarah Kobayashi, ECF No. 14-6, at 1 and Exhibit A.  The summary submitted by Plaintiffs reflects $131,902.16 in outstanding contributions, liquidated damages, and interest.  See id.  The Court finds Plaintiffs have established damages in the amount of $131,902.16 in outstanding contributions, liquidated damages, and interest.

### 2. Attorneys' Fees, Taxes, and Costs

Plaintiffs request an award of $3,023.48 in attorneys' fees, general excise taxes, and costs.  See Motion, ECF No. 17-1, at 6, 12-13.  An award of

9

reasonable attorneys' fees and costs is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. § 1132(g) and § 1145. Additionally, the Agreement requires Defendant to pay reasonable attorneys' fees and costs of the action if it became necessary for Plaintiffs to take legal action to enforce unpaid contributions and liquidated damages. See Complaint, ECF No. 1 at ¶¶ 18-19.

Reasonable attorney's fees are generally based on the traditional "lodestar" calculation, which multiplies (1) the number of hours reasonably expended by (2) a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). Here, Plaintiffs request $2,492.83 for attorneys' fees and general excise tax. See Motion, ECF No. 17-1, at 6, 12-13; Decl. of Counsel, ECF No. 14-2, ¶¶ 9-10.

First, the Court has reviewed the timesheets submitted by Plaintiffs' counsel and finds that the hours requested are reasonable. See Decl. of Counsel, ECF No. 14-2, ¶ 9; Exhibit 3, ECF No. 14-5 (invoices). Second, Plaintiffs' counsel, Jeffrey P. Miller, is a member of the law firm of Miller Shea, LLLC and has been practicing since 1998 for more than 25 years. See Decl. of Counsel, ECF No. 14-2, ¶¶ 2, 11. Mr. Miller is admitted to practice before state and federal courts in California and Hawaii. See id. ¶ 11. Mr. Miller's current practice focuses on commercial litigation, collections, public procurement, construction

disputes, real estate, landlord-tenant disputes, and personal injury.  See id.  Based on the Court's knowledge of the community's prevailing rates, the nature of the underlying litigation, and counsel's submissions, the Court finds that the $250.00 hourly rate requested for Mr. Miller is reasonable.  See, e.g., WIHC LLC v. NextGen Lab'ys, Inc., No. CV 22-00305 DKW-RT, 2023 WL 5004409, at *5 (D. Haw. May 31, 2023), *adopted by*, 2023 WL 4364101 (D. Haw. July 6, 2023) (finding $250 per hour a reasonable rate for an associate with six years of experience).  Accordingly, the Court finds that an award of attorneys' fees and 4.712% general excise taxes in the total amount of $2,492.83 is reasonable.

Plaintiffs also request costs of $530.65 for the filing fee ($405.00) and service of process ($125.65).  See Motion, ECF No. 14-1 at 6; Decl. of Counsel, ECF No. 14-2, ¶ 9; Exhibit 3, ECF No. 14-5 at 4.  The Court finds that the costs requested by Plaintiffs are reasonable.  In total, the Court recommends that the district court award Plaintiffs $3,023.48 in attorneys' fees, taxes, and costs.

## CONCLUSION

The Court FINDS and RECOMMENDS that Plaintiffs' Motion for Entry of Default Judgment against Defendant, ECF No. 14, be GRANTED as follows:

(1) The district court GRANT Plaintiffs' request for default judgment against Defendant NORPAC Walls & Ceilings, LLC; and

(2) The district court AWARD Plaintiffs damages in the amount of $131,902.16 in outstanding contributions, liquidated damages, and interest, $2,492.83 for attorneys' fees and general excise tax, and $530.65 for costs against Defendant NORPAC Walls & Ceilings, LLC.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, December 23, 2024.



Wes Reber Porter
United States Magistrate Judge

<u>Hawaii Carpenters Trust Funds, et al., v. NORPAC Walls & Ceilings, LLC</u>; CIVIL NO. 24-00379 SASP-WRP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT